UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KB MADDOX EL,

          Plaintiff,

v.

BRIAN SCHARF,

          Defendant.

Case No. 23-10990
Honorable Shalina D. Kumar
Magistrate Judge Curtis Ivy, Jr.

## ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT

On April 27, 2023, Plaintiff KB Maddox El, proceeding *pro se,* filed this civil action against Defendant Brian Schaf. ECF No. 1. Plaintiff, while alleging "1983 civil rights violations," asserts only vague statements relating to the breakdown of his relationship with Schaf during the pendency of a number of civil cases. *Id.* Plaintiff also filed an application to proceed *in forma pauperis*. ECF No. 2.

The Court hereby GRANTS Plaintiff's application to proceed *in forma pauperis*. However, federal courts are courts of limited jurisdiction. "[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas v. E.F. Baldwin & Assocs., Inc.,* 150 F.3d 607 (6th Cir. 1998).

Title 28 United States Code Section 1915 governs proceeding *in forma pauperis* and provides, in pertinent part, that "the court shall dismiss the case at any time if the court determines" that: 1) the allegation of poverty is untrue; 2) the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or 3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

The liberal construction afforded to pro se party filings sometimes "requires active interpretation" to find that they contain a claim for federal relief. *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985). But the liberal construction applied to pro se filings has limits and "does not require a court to conjure allegations on a litigant's behalf." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Although not designated as such, Plaintiff's filing carries the hallmarks of the pseudo-legal documents created and employed by the sovereign citizen movement. "So-called sovereign citizens believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." *Gravatt v. United States*, 100 Fed. Cl. 279,

282 (2011). Without extended argument, courts routinely dismiss these nonsensical complaints *sua sponte* for lack of subject matter jurisdiction, rejecting the claims within as patently frivolous and a waste of court resources. *Powell v. Michigan*, 2023 WL 2154954, at *2 (E.D. Mich. Jan. 24, 2023), adopted by 2023 WL 2145490 (E.D. Mich. Feb. 21, 2023); *In re Mooreese El*, 2021 WL 4594666, at *1 (W.D. Ky. Oct. 6, 2021); *McCormack v. Hollenbach*, 2019 WL 360522, at *2 (W.D. Ky. Jan. 29, 2019); *Adkins v. Kentucky*, 2018 WL 6528462, at *1 (W.D. Ky. Dec. 12, 2018).

Indeed, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn,* 1983 F.3d. 477, 479 (6th Cir. 1999). Likewise, factual allegations that are "clearly baseless," "fantastic," or "delusional" are dismissible as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 327-28, n.6 (1989).

Plaintiff's complaint consists of vague statements and even with a liberal reading of the allegations in his complaint, the Court is unable to discern any claims upon which relief may be granted.

Accordingly, **IT IS ORDERED** that this action is **DISMISSED** pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2) and Federal Rule of Civil Procedure 8(a) and 12(b)(1).

Dated: May 22, 2023

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge